**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000106
13-JUL-2012
08:58 AM**

NO. CAAP-10-0000106

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MICHAEL DAVID SAKATANI; CHRISTINE MARIE SAKATANI;
808 DEVELOPMENT LLC,
Plaintiffs-Appellants,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10;
and DOE GOVERNMENTAL UNITS 1-10,
Plaintiffs,
v.
GLEN NOBUKI MURAKAMI; ANN SUE ISOBE;
4902 KAHALA LLC; AMERICAN SAVINGS BANK, F.S.B.;
ARMAND BEHPOUR,
Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10;
and DOE GOVERNMENTAL UNITS 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-1671)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Reifurth, and Ginoza, JJ.)

Plaintiffs-Appellants Michael David Sakatani, Christine Marie Sakatani, and 808 Development, LLC (Plaintiffs-Appellants) appeal from the October 14, 2010 "Order Granting 'Counsel for Defendants Glen Nobuki Murakami, Ann Sue Isobe, and 4902 Kahala LLC's Motion For Attorney's Fees and Costs Against All

Plaintiffs,' Filed June 22, 2010," (Order Granting Fees and Costs) filed in the Circuit Court of the First Circuit[1] (circuit court) in favor of Defendants-Appellees Glen Nobuki Murakami, Ann Sue Isobe, and 4902 Kahala LLC (Defendants-Appellees) and against Plaintiffs-Appellants.

On appeal, Plaintiffs-Appellants contend the circuit court abused its discretion when it awarded attorney's fees and costs to Defendants-Appellees. Plaintiffs-Appellants assert that the award was based on an erroneous dismissal of the foreclosure lawsuit, the circuit court lacked jurisdiction to make the award, the foreclosure action was not in the nature of assumpsit, and the Defendants-Appellees were not the prevailing parties.

On July 17, 2009, Plaintiffs-Appellants filed a complaint in circuit court in Civil No. 09-1-1671-07 for foreclosure of a fourth mortgage against Defendants-Appellees.

On May 12, 2010, the circuit court entered its "Final Judgment as to All Claims and as to All Parties," (Final Judgment) dismissing Plaintiffs-Appellants' complaint. The Final Judgment made no reference to attorney's fees and costs.

On June 4, 2010, Plaintiffs-Appellants filed a notice of appeal from the May 12, 2010 Final Judgment.

On June 22, 2010, Defendants-Appellees filed a post-judgment motion for attorney's fees and costs. The circuit court heard the motion on July 27, 2010 and entered the Order Granting Fees and Costs on October 14, 2010. On October 21, 2010, Plaintiffs-Appellants filed their notice of appeal from the Order Granting Fees and Costs.

"Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." TSA Intern. Ltd. v. Shimizu Corp., 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999). "Notwithstanding the general effect of the filing of a notice of appeal, the trial court retains jurisdiction to

---

[1] The Honorable Patrick W. Border presided.

determine matters collateral or incidental to the judgment, and may act in aid of the appeal." Id. For example, even while a case is on appeal, the circuit court retains jurisdiction to enforce the judgment or to approve a supersedeas bond to stay a judgment. MDG Supply, Inc. v. Diversified Investments, Inc., 51 Haw. 375, 381, 463 P.2d 525, 529 (1969); see Hawai'i Rules of Civil Procedure (HRCP) Rule 62(d).

It is well-established, however, that while a case is on appeal, a lower court does not retain jurisdiction to rule on a motion for attorney's fees and costs. Wong v. Wong, 87 Hawai'i 475, 486, 960 P.2d 145, 156 (App. 1998) ("While a case is on appeal, the lower court lacks jurisdiction to decide any questions pertaining to attorney fees arising out of or relating to the matter on appeal."). However, the holding in Wong "does not apply where court rules provide a specific definition of timeliness for motions requesting attorney's fees." Cox v. Cox, 125 Hawaii 19, 28 n.14, 250 P.3d 775, 785 n.14 (2011) (referencing HRCP Rule 54(d)(2)(B), which provides that motions for fees under that rule "must be filed and served no later than 14 days after entry of an appealable order or judgment[.]"). Defendants-Appellees failed to file their motion for attorney's fees within the time allowed under HRCP Rule 54(d)(2)(B).

Furthermore, Plaintiffs-Appellants had filed their notice of appeal on June 4, 2010. Thus, when Defendants-Appellees filed their post-judgment motion for attorney's fees and costs on June 22, 2010, the circuit court had already lost jurisdiction over the case. We conclude that the October 14, 2010 Order Granting Fees and Costs entered by the circuit court is void because it lacked jurisdiction.

We do not address Plaintiffs-Appellants' other points of error because appellate review of this appeal is limited to review of the October 14, 2010 post-judgment Order Granting Fees and Costs and any orders that directly led to the Order Granting

Fees and Costs. <u>See</u> <u>Cook v. Surety Life Ins. Co.</u>, 79 Hawai‘i 403, 409, 903 P.2d 708, 714 (App. 1995).

Therefore,

IT IS HEREBY ORDERED that the October 14, 2010 "Order Granting 'Counsel for Defendants Glen Nobuki Murakami, Ann Sue Isobe, and 4902 Kahala LLC's Motion For Attorney's Fees and Costs Against All Plaintiffs,' Filed June 22, 2010," filed in the Circuit Court of the First Circuit is vacated.

DATED: Honolulu, Hawai‘i, July 13, 2012.

On the brief:

Kevin P.H. Sumida
(Kevin Sumida & Associates)
for Plaintiffs-Appellants.

Presiding Judge

Associate Judge

Associate Judge

4